Case No. 25-cr-350-KMW



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Richard G. Shephard
Assistant United States Attorney

RGS/PL AGR
*2024R00595*

402 East State Street, Room 420
Trenton, New Jersey 08608

609-656-2558

March 6, 2025

Andrea G. Aldana
Assistant Federal Public Defender
Office of the Federal Public Defender,
    District of New Jersey
22 S. Clinton Avenue
Station Plaza #4, Bldg. #4
Trenton, New Jersey 08609

      Re:    Plea Agreement with Ciara Brascom
             25-mj-3001 (TJB)

Dear Ms. Aldana:

      This letter sets forth the plea agreement between your client, Ciara Brascom (hereinafter, "BRASCOM"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **April 4, 2025**, if it is not accepted in writing by that date. If BRASCOM does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from BRASCOM to a one-count Information, which charges BRASCOM with, on or about July 28, 2024, robbing a bank branch in Princeton, New Jersey, in violation of 18 U.S.C. § 2113(a). If BRASCOM enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against BRASCOM related to the bank robbery she committed in Princeton, New Jersey on July 28, 2024.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against BRASCOM even if the applicable statute of

limitations period for those charges expires after BRASCOM signs this agreement, and BRASCOM agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 2113(a) to which BRASCOM agrees to plead guilty in the one-count Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentence on the one-count Information may run consecutively to any prison sentence BRASCOM is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon BRASCOM is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence BRASCOM ultimately will receive.

Further, in addition to imposing any other penalty on BRASCOM, the sentencing judge as part of the sentence:

(1) will order BRASCOM to pay an assessment of $100, pursuant to 18 U.S.C. § 3013(a)(2)(A), which assessment must be paid by the date of sentencing;

(2) must order BRASCOM to pay restitution, pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

(4) may order BRASCOM, pursuant to 18 U.S.C. § 3555, to give notice to any victims of the offense; and

(5) pursuant to 18 U.S.C. § 3583, may require BRASCOM to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should

BRASCOM be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BRASCOM may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

BRASCOM agrees to pay full restitution to the victim of the offense of conviction, namely the bank branch in Princeton, New Jersey that BRASCOM robbed on July 28, 2024, or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victim for the losses sustained as a result of the offense in the amount of $60,500.

Forfeiture

As part of BRASCOM's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), BRASCOM agrees to forfeit to the United States all of right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds BRASCOM obtained that are traceable to the offense charged in Count 1 of the Information. BRASCOM further acknowledges that the value of such property was $60,500; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $60,500 (the "Money Judgment"). BRASCOM consents to the entry of an order requiring BRASCOM to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to BRASCOM prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions,

interrogatories, and requests for production of documents, and the issuance of subpoenas.

BRASCOM waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

BRASCOM further agrees that not later than the date he enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by the Government. If BRASCOM fails to provide a complete and accurate Financial Disclosure Statement by the date he enters her plea of guilty, or if the Government determines that BRASCOM has intentionally failed to disclose assets on her Financial Disclosure Statement, BRASCOM agrees that that failure constitutes a material breach of this agreement, and the Government reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on BRASCOM by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BRASCOM's activities and relevant conduct with respect to this case.

### Stipulations

This Office and BRASCOM will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are

not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and BRASCOM waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

BRASCOM understands that, if BRASCOM is not a citizen of the United States, BRASCOM's guilty plea to the charged offense will likely result in BRASCOM being subject to immigration proceedings and removed from the United States by making BRASCOM deportable, excludable, or inadmissible, or ending BRASCOM's naturalization. BRASCOM understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BRASCOM wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause BRASCOM's removal from the United States. BRASCOM understands that BRASCOM is bound by this guilty plea regardless of any immigration consequences. Accordingly, BRASCOM waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. BRASCOM also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BRASCOM. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against BRASCOM.

No provision of this agreement shall preclude BRASCOM from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between BRASCOM and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

JOHN GIORDANO
United States Attorney

By: *Richard G. Shephard*
Richard G. Shephard
Assistant United States Attorney

APPROVED:

*Martha K. Nye*
Martha K. Nye
Attorney-in-Charge, Trenton Branch Office

I have received this letter from my attorney, Andrea G. Aldana, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     4.22.25
Ciara L. Brascom              Date

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     4.22.25.
Andrea G. Aldana              Date
Assistant Federal Public Defender
Counsel for Defendant

## Plea Agreement With Ciara Brascom

### Schedule A

1. This Office and Ciara Brascom ("BRASCOM") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024, applies in this case.

3. The applicable guideline is U.S.S.G. § 2B3.1. This guideline carries a Base Offense Level of 20.

4. Because BRASCOM took property from a financial institution, she is subject to a 2-level enhancement. *See* U.S.S.G. § 2B3.1(b)(1).

5. The Government contends that an additional 4-level enhancement applies because BRASCOM "otherwise used" a "dangerous weapon," as those terms are defined in the Guidelines, during the commission of the offense. *See* U.S.S.G. § 2B3.1(b)(2)(D). BRASCOM contends that an additional 3-level enhancement applies because BRASCOM "brandished or possessed" a "dangerous weapon," as those terms are defined in the Guidelines, during the commission of the offense. *See* U.S.S.G. § 2B3.1(b)(2)(E).

6. Because BRASCOM took financial property that resulted in a loss of more than $20,000.00 but not greater than $95,000.00, she is subject to a 1-level enhancement. *See* U.S.S.G. § 2B3.1(b)(7)(B).

7. As of the date of this letter, BRASCOM has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if BRASCOM's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, BRASCOM has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-level reduction in BRASCOM's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) BRASCOM enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that BRASCOM's acceptance of responsibility has continued through the date of sentencing and BRASCOM therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant

to U.S.S.G. § 3E1.1(a), and (c) BRASCOM's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. Accordingly, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issue noted in Paragraph No. 5, the total offense applicable to BRASCOM is either 23 or 24 (the "Total Offense Level").

10. Each party agrees not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level that applies after the sentencing judge resolves the open Guidelines issue noted above and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 57 months, and except as specified in the next paragraph below, BRASCOM will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 51 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).